IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00193-BNB

REV. BRANDON BAKER,

    Plaintiff,

v.

THE STATE OF COLORADO, and
A.G. JOHN SUTHERS,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff has filed *pro se* a Complaint (ECF No. 1) for damages. On February 7, 2013, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(iii), the Court must dismiss any claims in which Plaintiff is seeking monetary relief from a defendant who is immune from such relief. For the reasons stated below, the Court will dismiss the Complaint pursuant to § 1915(e)(2)(B)(iii).

    The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate

for a *pro se* litigant. *See id.*

Plaintiff's Complaint is difficult to understand because the Complaint is verbose and consists primarily of conclusory legal arguments without supporting factual allegations. Plaintiff does allege that he is a licensed medical cannabis patient, a personal cannabis caregiver, and a religious cannabis practitioner. He apparently contends that his rights have been violated as a result of the State of Colorado's laws and regulations regarding medical marijuana. Plaintiff specifically asserts six claims for relief as follows: (1) 42 U.S.C. § 1983 procedural due process; (2) 42 U.S.C. § 1983 substantive due process; (3) 42 U.S.C. § 1983 equal protection; (4) intentional interference with economic relations; (5) 42 U.S.C. §§ 1985 and 1986 conspiracy and failure to protect; and (6) 42 U.S.C. § 1981 equal rights violation.

Although the factual bases for Plaintiff's claims are not clear, it is clear that the only relief he seeks is an award of damages. (*See* ECF No. 1 at 35.) It also is clear that the Eleventh Amendment prevents Plaintiff from suing either of the named Defendants for damages in this Court. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

"It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The named Defendants in this action are the State of Colorado and Colorado Attorney General John Suthers. However, Plaintiff is suing General Suthers only in his official capacity. (*See* ECF No. 1 at 2, ¶3.) Therefore, like the State

of Colorado, General Suthers also is protected by Eleventh Amendment immunity. *See Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978) (noting that official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent").

The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. §§ 1981, 1983, 1985, and 1986 did not abrogate Eleventh Amendment immunity. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998). As a result, Plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 13th day of February, 2013.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court