IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00193-LTB

REV. BRANDON BAKER,

   Plaintiff,

v.

THE STATE OF COLORADO, and
A.G. JOHN SUTHERS,

   Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on Plaintiff's Motion to Reconsider (ECF No. 9) in which Plaintiff asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on February 13, 2013. The Court must construe the motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be denied.

A litigant subject to an adverse judgment and who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Plaintiff's Motion to Reconsider pursuant to Rule 59(e) because the motion

was filed within twenty-eight days after the Judgment was entered in this action. *See*

*Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit

for filing a Rule 59(e) motion under prior version of that rule should be construed as a

Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to

present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir.

1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate

when "the court has misapprehended the facts, a party's position, or the controlling law."

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a

Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to

advance arguments that could have been raised previously. *See id.*

Plaintiff filed the instant action seeking an award of damages from the State of

Colorado and Colorado Attorney General John Suthers in his official capacity. Plaintiff

apparently contends that his rights have been violated as a result of the State of

Colorado's laws and regulations regarding medical marijuana. The Court dismissed the

action pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because the named Defendants are

protected by Eleventh Amendment immunity.

Plaintiff argues in the motion to reconsider that Defendants "are the only people

with the: opportunity, ability, duty (federal and state demanded) as well as the last clear

chance of avoidance of all harms and damages related to the plaintiff. They are the

only direct and proximate causation of all harms and damages related to medical

marijuana in Colorado." (ECF No. 9 at 1.) Plaintiff does not address the Court's

determination that the named Defendants are entitled to Eleventh Amendment

immunity.

Upon consideration of the motion to reconsider and the entire file, the Court finds

that Plaintiff fails to demonstrate some reason why the Court should reconsider and

vacate the order to dismiss this action.  Therefore, the motion to reconsider will be

denied.  Accordingly, it is

ORDERED that Plaintiff's Motion to Reconsider (ECF No. 9) is DENIED.

DATED at Denver, Colorado, this  22nd  day of    February        , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court